Lowell M. COFFEY, Appellant,

v.

Norma Yvonne COFFEY, Appellee.

Court of Appeals of Kentucky.

March 12, 1971.

Rehearing Denied June 25, 1971.

------

John A. McCrea, B. Carlton Neat, III, Louisville, for appellant.

W. H. Spalding, Jr., Louisville, for appellee.

EDWARD P. HILL, Jr., Judge.

This is an appeal from an order dated May 4, 1970, modifying the original judgment entered July 11, 1969.

No appeal was taken from the original judgment.

We quote herewith the only question presented in appellant's brief: "Did the court err when, contrary to the Soldiers' and Sailors' Civil Relief Act, 50 U.S.C.A. App. 523, it awarded all of the property acquired during marriage of the parties to the appellee while the appellant was in the combat zone of Vietnam?"

The only pleading in which the appellant sought a delay in the proceedings on account of his military service was contained in a motion filed on May 28, 1969, which was, of course, before the original judgment was entered. The trial court overruled this motion and proceeded in a few weeks thereafter to enter judgment from which, as noted above, there was no appeal taken by the appellant.

The appellant is apparently laboring under the impression that his motion to modify the judgment, filed February 10, 1970, operated to bring into question all matters in litigation. But this motion did not raise the question of abating the proceedings by reason of his military status, and to demonstrate that fact, we set out at length herewith the contentions of his motion:

> "Comes now the Defendant by counsel and moves the Court to modify the Judgment entered herein on July 11, 1969, as deals with the attorney fee awarded and the distribution of the assets of the parties hereto."

The trial court modified the original judgment insofar as it related to alimony and the maintenance of two of the children, one of which had arrived at the age of 18 years. Nothing was said in the order with reference to the attorney fee raised in appellant's motion to modify. Neither was the attorney for the appellee made a party to this appeal.

The original judgment is silent as to appellant's contention that he was entitled to have the proceedings abated pending his service in the Army in Vietnam. But there is some indication in the record that the appellee contended that the appellant volunteered for military service to delay her suit for divorce, alimony, custody of the children, and child support. Also appellant disobeyed the chancellor's orders directing him to answer interrogatories and delayed complying with the court's orders requiring him to make child-support payments. At any rate, the appellant took no appeal from the judgment, and as indicated above his motion to modify the judgment did not present to the trial court his request for abate-

ment or that the judgment be set aside and that matters therein adjudged be reconsidered.

This court holds a sincere respect for the Soldiers' and Sailors' Civil Relief Act of 1940, 50 U.S.C.A.App. § 521. We have applied the act where properly called into question. However, we have rules of procedure which we consider to be reasonable and fair to all litigants. These rules have not been complied with so as to entitle the appellant to raise the sole question presented in his brief. The appellant has been represented by counsel during the entire pendency of this proceeding, although he did change counsel upon his release from military service.

Neither has the appellant presented any right to proceed under CR 60.02.

The judgment is affirmed.

All concur.